The Judges delivered their opinions.*
Judge Green.
In England, when partners purchase an estate jointly for the purposes of their trade, although at law, upon the death of one, the estate survives to the other; yet, in equity, it is considered as an estate in common. If the representatives of .the deceased partner claim this equity, they must submit to the rule, that he who will have equity must do equity, and pay to the surviving partner whatever may be due to him on their partnership transactions. In Virginia, the jus accrescendi is abolished, and the representatives of a deceased partner, claiming the legal title, can be put under no conditions. The surviving partner, if he be a creditor, can have no other remedy against the real estate, than any other creditor can have. There is, possibly, another ground, on which one partner may have a lien for any balance due upon the partnership transactions, upon real property purchased with the partnership funds. If one purchases, and pays for land, and *187 causes it. to be conveyed to another, there is a resulting trust for the purchaser. If a purchase be made with the funds, and for the purposes of the partnership, there may be a trust, although the conveyance be to the partners in their individual characters, for them in their characters as partners, and for the purposes of the partnership; and the consequence may be, that each partner may have a lien upon it, for the balance due to him, from the concern; or, rather an interest in it, proportioned to his interest in the partnership funds. Sugd. Law of Vend. ch. 15. This resulting trust can only arise upon the original payment being made with the partnership funds; not from a subsequent agreement to hold the property as partnership stock; for, such an agreement would be void under the statute of frauds. But, however this may be, the plaintiff has not brought his case within this principle; for, he does not alledge that the property in question was purchased with the partnership funds. I do not think, that the statement that he and Ferrell purchased the land on which their store was kept, and that it was bought for partnership purposes, and was held as joint stock, is equivalent to such an allegation; for, all this is consistent with the fact of each partner paying his proportion of the purchase out of his individual funds.
If the appellant was a creditor, and had, as administrator, paid debts which bound the heirs, he might, upon the principle of marshaling assets, reach the fund in question. But, he should have been prepared, at the time the motion was made to dissolve, to shew, at least, that be had paid such debts, and have exhibited the accounts of his administration, on oath; otherwise, the consequence would be, that a most expensive litigation might have continued in vain, for several years. The conduct of the appellant raises a strong presumption against him. He united with the -widow and children of Ferrell, in the petition for the sale of the property in 1809, and never asserted the claim he now sets up, until 1818.
*188 I think the order appealed from is right, and should he affirmed; especially, as he is not precluded from moving to reinstate the injunction, upon shewing, by the deed, or otherwise, that the' land was purchased with the partnership funds, and making a proper case in other respects.
Judge Coalter.
If it was not wrong to grant the injunction in this case, because the complainant did not file with his bill his administration and the partnership accounts, so as to shew precisely how, and to what extent, he claimed a credit under each, then it was Wrong, in my opinion, to dissolve the injunction before taking those accounts, or at least apprising the party, that it was necessary to exhibit them, and his vouchei’s, in the cause. This could easily have been done, by dissolving the injunction, unless they were filed within a given day. The affidavit of the party to his bill, is always taken as a sufficient verification of it, to authorise an injunction ; and, I believe, the usual practice is, especially in cases of executors or administrators, where accounts necessarily exist, to refer them to a commissioner, and not to burthen the record, in the first instance, with voluminous accounts and vouchers; and this reason would also apply to partnership accounts, which are, generally, not only intricate, but voluminous. It is not denied, that the appellant was administrator, and also surviving partner; and, if the appellees really believed they had claims against him, in either character, to the amount now to be recovered, it is strange that no attempts had been made to bring him to a settlement. Besides, it is stated, that these parties will be unable, if the money goes into their hands, to refund it. This makes the case, in this respect, stronger than that of Miller’s executors v. Rice, and others, 1 Rand. 438.
If, however, the Chancellor thought, from the allegations in the answer, that there were reasons to suspect that no such accounts existed, he could have given the *189 party an opportunity to file them, by a nisi decree, as above stated* or, at farthest, by directing the money to be paid into Court, or to be placed there by the officer, after it, should he made on the execution, so as finally to have it within his power.
For these reasons, I am for reversing so much of the decree as dissolves the injunction, and for affirming the residue.
Judge Brookr.
The appellant was in the County Court of Mecklenburg, upon a petition, with the widow and children of his intestate, to sell the land of his deceased partner, when he applied for the injunction. The equity which he alledges in his hill, was a proper subject for that Court in which he had taken administration of the estate of his partner. His equity is in hostility to the decree he asked for in that Court. If there is any foundation for it, upon a bill filed there, he would have been relieved, and the account of his administration would have been taken there, instead of the Chancery Court at Lynchburg; but, he lias furnished no proof in that Court, in support of his bill, the allegations in which being denied by the answer, the injunction was properly dissolved. I am, therefore, of opinion, that the decree ought to he affirmed. ' .
Decree/ affirmed.

 Judge Cabell, absent.